In this case, it's a 4-17-0060, Heaple v. Jeremy Ramm. Appearing for the appellant is Attorney Steven Richards. And for the appellee is Attorney Rosario Escalera. Good afternoon. Mr. Richards, are you ready to proceed? No, excuse me. Yes, I'm sorry, Mr. Richards. All right, you may. Thank you, Your Honors. And thank you, good afternoon. Thank you for granting oral argument in this case. I represent the appellant in this case, Defendant Jeremy Ramm, who, as you know, was convicted of aggravated domestic battery and sentenced to 20 years in prison. I'd like to deal mostly with Issue 4, which is the issue involving the Krankel hearing. And then I'll also have some comments on Issue Number 1. Which is the constitutional issue. Let me deal with the Krankel issue first. As I was thinking about this, I think that, first of all, there's two issues combined to one in four. One is the issue of whether the circuit or the trial court made a meaningful inquiry into the defendant's claims of ineffective assistance. And the second issue, which may become moot, and I'll tell you why in a few minutes, is that the circuit court did not appoint counsel as to some of the claims. But let me deal with the first issue first. And as Your Honors are aware, this particular issue, not the second issue, but the first, is subject to Doanova review. It's not a question of abuse of discretion. It's a question where has the trial court met the legal requirements for conducting a Krankel inquiry? Now, when I was thinking about this, I think claims of ineffective assistance by defendants tend to fall into two or maybe three broad categories. One is where the defendant just claims broadly, I was deprived of ineffective assistance. The second is where the defendant makes a very specific claim which just on the face of it can be addressed without inquiry either of the defendant or of counsel. And some of the claims that Jeremy Ram made were in that third category. And then there's another category of claims in which the defendant, and remember we're dealing with people who are non-lawyers and not skilled in law necessarily, you may not know legal standards. The defendant provides some detail beyond saying ineffective assistance, but not a great deal of detail, or not sufficient detail to address the claim without inquiry either of the defendant or of counsel. Now, Jeremy Ram wrote a very elaborate motion for new trial pro se and request for appointment of counsel which included 15 claims, attachments, and so forth. And as you might expect, it's kind of a grab bag or potpourri of some bad claims, some possibly good claims, and some claims maybe that we really can't tell because there's not enough detail in the actual motion. Let me just say first of all that the trial court was certainly entitled to address some of these claims. For example, the claim that if the attorney was sleeping during the trial without making an inquiry because as she said, she watched the trial. If she didn't think it was true, then no inquiry was needed. However, there were other claims where some inquiry was needed and there were actually quite a number of them. One of the claims where inquiry, I think, was obviously needed was claim six which was the failure of counsel to scheme a trial or call the witnesses Jason Parrish, William Rahm, and John Litchfield. So in other words, he's claiming that there's some witnesses that could have helped him but he doesn't say what they would have said. Now at that point, I think some inquiry of the defendant as to what the witnesses would have said was obviously required. Maybe following that, inquiry of counsel as to whether the counsel was aware of the witnesses, aware of their testimony, and the reasons counsel had for not calling them. If counsel had such reasons. Another issue where inquiry, I think, was required was on the failing to obtain transcripts in the hearing involving Candace Brown in her OP case. Now obviously, or the allegation is that the OP case involves the same set of facts and events, so the transcript contains possible impeachment. So one inquiry of the defendant might have been, number one, were you there at the OP hearing? Two, do you have any idea what she said at the OP hearing and why do you think it would be helpful? And the same questions as to counsel, were you aware of the OP hearing? Why did you not seek to get the transcript? What was your reason? And there might have been some reason, like fear of uncovering a rock or getting something that he didn't like. But again, no inquiry was made. There is also other claims, such as the claim that there's a failure at the 115-7.4 hearing where counsel didn't respond in writing, didn't move for reconsideration, even though one of the points that the judge brought up was that he was not aware that Jeremy Ram had undergone a course of rehabilitation between these much older crimes and the present crime. So I think under an ADOBO standard, it's quite clear that a remand for a new criminal inquiry is required at which the judge should specifically ask Mr. Ram and his counsel questions regarding these claims. Now, I will represent as an officer of the court that from this point forward, I represent Jeremy Ram as to whatever happens. So if there is such a remand, I will appear and I will ask for leave to file a new motion for a new trial. And the judge, I think, might grant that if it's remanded for a crankle hearing. So if so, that would obviate the second claim, which is that counsel should have been appointed to investigate some of these claims. He should have had an appointed counsel. Because I say, if the case goes back, I'm going to be the counsel. I mean, maybe something will happen in between, but I can't imagine what it would be other than something that removes me from the scene. Certainly, I'm not going to be removed from Mr. Ram's representation. So I think as an initial matter, it's clear that the trial court did not conduct the usually necessary inquiry. As I said, some of the claims of the 15, she could just look and say, he wasn't sleeping, that's it. Some of the claims, also, she could find legal basis for, like failing to file a motion to dismiss the indictment based on the testimony of an incompetent witness. I didn't deal with that, but I think you'll find legal precedent that that couldn't be a good claim, and she could dismiss that, although she didn't address it. But other of the claims fit into that middle category. There was some detail, enough detail to prompt an inquiry, but it was not an inquiry that she conducted. And in fact, she specifically dealt only with two or at best, three of the 15 claims. So a meaningful inquiry was not conducted, and that's why the case needs to be remanded on those grounds for a new inquiry and a new criminal hearing. Now, let me go then to my issue number one, because I realize that on this particular issue, I'm out on a limb, because the Illinois Supreme Court has upheld the constitutionality of 115.7.4 as to a due process claim, although it didn't deal with an equal protection claim, and the first district has denied an equal protection claim. However, the specific argument I make was not addressed in the Dabbs case, and it was not addressed in the Jenkins. And I think this court is free, particularly because there's no bindings, Illinois Supreme Court precedent on the equal protection claim to look at what I say detail. There's a simple fundamental flaw in 7.4, and that is it's modeled after 7.3, which was passed first. You can tell by one was .3, one was .4, which deals with sex offenders. 7.3 allows the prosecution to present evidence of a general sexual criminal propensity, and the court in Donahue made clear that that's exactly what it does. It's not limited to any of the traditional categories of other crimes evidence. However, 7.4 also provides that the defense can rebut that evidence with evidence of non-sexual propensity, or propensity not to commit sexual crimes, and can do so through whatever means it could, by calling witnesses that the defendant doesn't have these propensities, by calling an expert, and an expert specifically mentioned. There's a rebuttal provision in the statute itself, in 7.3. There's no rebuttal provision in 7.4. It doesn't exist. They've taken all those words out. Whoever copied it left all that out. So we have a situation where if you're accused of a sexual crime, and the state comes at you with this very, very powerful evidence that you've committed crimes on other occasions, even on charge, and that you have a general sexual propensity, or maybe a specific sexual propensity, you can defend yourself. You can say that's not true. I can bring in witnesses to show it's not true. I have experts. I have any of these means. 7.4 doesn't have that. So in other words, the legislature has created a distinction between sex offenders who are treated better, and domestic batterers who are treated worse. A fundamental right, the right to defend oneself is involved. So it's not a rational basis test. I would suggest that it's a strict scrutiny, or at least a middle scrutiny test. And I cannot imagine, and the state has not suggested, any distinction, meaningfully, between sex offenders and domestic batterers that would justify the difference in treatment. So under 7.4 you're saying that there could be no rebuttal evidence offered? Not in the statute. Just because the statute doesn't say that it can be offered, does that mean necessarily the court must refuse rebuttal evidence? If I think you read the statute as it's written, yes. Because you'll remember that 7.3 and 7.4 are both in derogation of the common law, or for that matter, any law before that. 7.3 created a new area. It said for sex offenders, the old rule that you can't use propensity evidence is gone. You can use propensity evidence. Sexual propensity, anyway. You can't use other sorts of propensity, but use sexual propensity. As to 7.4, those provisions have been left out. They're omitted, totally. And so there's nothing in the text of 7.4 which says that you can rebut by showing a general propensity not to commit domestic battering. Such as in Mr. Ram's case, he might have shown, for example, by going into his treatment or other matters. But that's not in 7.4, and I think you can't read the words in. That's why our contention is it's unconstitutional because it doesn't provide for a specific right to defense rebuttal. If it's presumptively admitted, that suggests that it can also be rebutted, even if rebuttal isn't used in the language. Presumptively admitted means, yeah, you start out with this... I'm presuming for the moment it's going to be rebutted now, or be admitted. What else is there? Defense counsel stands up and says, using 7.3 as an analogy, I'd like to present some rebuttal. Do you think a trial judge would say no? What does the word presumptively mean? Well, I don't think the statute says that it's presumptively going to be admitted. I think the judge can omit 7.3 evidence in his discretion if he feels that he... No, I'm talking about 7.4. Well, I think 7.4 doesn't say presumptively admit either. It says the same thing. It says that it can be admitted if certain criteria are met and the judge makes a decision that it should be admitted. I mean, I don't think it's presumptive. I think, in fact... Mandatory? No, but it can come in. And once it comes in, there's no thing in the statute which says we can ignore all the common law about presentation of general character evidence and just let the defense do the same thing. If that's true, that that's the way the statute is interpreted, it's not the way the statute is worded. So, that's really the crux of the question. Therefore, and I may say that I recently litigated a 7.3 case in the first district. It was not a published opinion, but was a reversal, just saying what's sort of obvious that 7.3 says that you can introduce evidence of non-propensity. I don't think 7.4 says the same thing and that's why it's unconstitutional. And that was not an argument raised in either Dabbs or Cenk. So, if there are no further questions and I have time left for rebuttal, I will cede my place to opposing counsel. Thank you. Mr. Escalera, response? May it please the court, counsel. Good afternoon, your honors. I'm Zora Escalera and I represent the state. The state first contends that defendant's first argument that was just recently discussed is forfeited under Supreme Court Rule 341, H7 because he failed to develop his argument. Defendant's first, the equal protection is forfeited because the defendant does not define the individuals against whom the statute or the law discriminates nor does he describe what the level of scrutiny is to be applied. And then defendant's due process claim also is forfeited because it fails to establish whether it is applied or is spatial. And this is important because each requires a different analysis. Now, while the defendant does cite cases for the proposition that he does have the right to present a complete defense, defendant fails to explain how these cases apply. Now, should this court reach the merits of this case, the state will note, as counsel already stated, that this case has survived due process and equal protections and damage inks. But the defendant's argument really conflates inclusion and omission with exclusion. 7.4 does not exclude the omission of competent evidence. Defendant's citations to Holmes, Rock, and Washington are an opposite because in each case, in those cases, there was a statute of rule that prohibited the omission of certain evidence. Now, regarding the right to rebuttal, that right to rebuttal is expressly confined to evidence otherwise admissible to the statute or otherwise admissible under the Rules of Evidence. Therefore, because defendant fails to establish to identify a deporation or infringement of an interest or a right, defendant fails to both equal protection and due process claims must fail. Now, regarding the Crankle hearing, and I won't address the other two unless there's other questions the court would address, but regarding the Crankle issue, it's the state's contention that the trial court adequately addressed the Crankle's claims, all the defendant's Crankle's claims. Our Supreme Court held in more that in Crankle inquiries that there may be some interchange between trial counsel and the trial court. The court may briefly discuss those allegations with the defendant and the trial court may base its evaluations on its own observation. And that is exactly what the trial court did here, Your Honors. The trial court looked at the factual basis for the defendant's claims and noted that it either found them to be incorrect, matters of trial strategy, or lacked merit. The counsel, as pointed out by opposing counsel, for example, the issue of the witnesses who weren't called, how could the court make that determination that it was a matter of strategy without inquiring as to what the witnesses would testify to and whether or not counsel had explored that? Your Honor, I'm not really familiar with what the trial court said, because I'm not the counsel who wrote this brief. If that was the case, and I guess, unfortunately, that it wouldn't need to be remanded, I guess the trial court was probably aware that they, I guess it was just trial counsel's strategy that maybe they did talk to each other and it was meritless. I'm not entirely sure, Your Honors. I don't know regarding that specific issue. Now, I guess, because if, as counsel stated, that he would represent if this court were to remand, that would render the second claim, the two other claims, moot. I would like to address them, nevertheless, because the failure to impeach Brown with prior testimony, there's no certainty what that, I guess, the order of protection case, even if it was possible that it could be unsealed. And I believe from what my counsel wrote in her brief, that it was sealed by defense on admission. So I don't know how the process of how one can unseal a record, and if it's possible, what the ramifications were for that, what the effects would have in this case. Now, and therefore, because that's not, therefore, if it's not possible to open that order of protection case, then the defendant has subpoenaed prejudice. And then the second issue is whether both attorneys fail to contest the 7.4 motion by presenting evidence of defendant's subsequent counseling. That failure will only be labeled as ineffective if the actual motion was meritorious. And the trial court specifically noted that the trial court would have denied, I'm sorry, the trial court merely indicated it would have considered evidence if it was presented. I think, however, in light with the proximity factors in this case, and the degree of similarity, it would have still been denied in this case, even if the defendant had offered any rehabilitation evidence. Therefore, we would ask, if there's no further questions regarding the second or third issues, the state would ask that this court not to demand for a frankly hearing and to affirm the first issue as well. Thank you. Mr. Richards for a bottle argument. Your Honor, I think all the issues have been addressed and I'd be wasting my breath and the court's time by saying anything more, but again, we would ask that the case be demanded for a frankly hearing and that the court hold section 7.4 of the Constitution. All right, thank you, thank you both. Case will be taken under advisement and a written decision shall issue.